## GALLIANO *v.* LANE and others.

A married woman seised of land in her own right, executed a deed in her maiden name, dated prior to the marriage, which was proved by a subscribing witness and then recorded. The deed was set aside as invalid, both because it was not acknowledged by her in the form prescribed by law, and because her husband did not join in it, or execute a concurrent conveyance. The guardian *ad litem* of an infant defendant, in whom the invalid title in part rested, was directed to join in a re-conveyance, executing it for and in the name of the infant.
  October 7, 1844.

THE complainant, then Elizabeth A. Cooper, was married to John Galliano, on the 23d day of August, 1838, at which time she was the owner in fee of the house and lot No. 185 Broome-street, in the city of New York. Difficulties arose between her husband and herself soon after the marriage, in consequence of which she sought to have the house and lot secured from his control, so that she might enjoy it during her life, and after her death that it might vest in her brother and sister, John and Louisa Lane. The defendant, G. Kent, assumed to be her adviser and manager in the affair, and she first executed a will, which he presently informed her would be unavailing. He then induced her to execute a deed of the house and lot to her brother and sister, in order to accomplish the same object. This deed was in fact executed about the first of January, 1839, but was dated ten days anterior to the marriage, and was made in her name of Elizabeth A. Cooper. It conveyed the whole premises absolutely. After it was signed, its execution was proved by a subscribing witness before a commissioner, on the fourth day of January, 1839, and upon that proof it was recorded the same day. No consideration was paid to Galliano or his wife, and the Lane's were both infants.

On these facts, Galliano and wife, on the 17th of May, 1839, filed their bill against Kent, and John and Louisa Lane, to set aside and cancel the deed. Kent appeared and answered the bill, admitting the material facts charged.

Before an appearance had been perfected by the infants, and on the 8th day of February, 1843, the complainant obtained a decree against her husband dissolving the marriage contract.

She then filed a supplemental bill in her own name, against the same defendants, in which it was stated that John Lane had become of full age. The bills were then taken as confessed by John Lane. An answer was put in in behalf of the infant, Louisa Lane, and proofs taken.

*H. Hunt,* for the complainant.

*J. H. Applegate,* for Louisa Lane.

THE ASSISTANT VICE-CHANCELLOR, said the proof was clear that the deed was executed while the complainant was a married woman, and not being acknowledged by her in the manner prescribed by law, was entirely invalid. It was equally objectionable, because her husband was not a party to it, or conveying concurrently with her. But in consequence of its being ante-dated, and thus appearing to be a deed executed by her before her marriage, it has the semblance of a perfect conveyance, which she is entitled in this court to have set aside, and her title cleared of the cloud thus thrown over it.

A decree was made, declaring the deed to be void and of no effect, and directing a re-conveyance by John and Louisa Lane. The guardian *ad litem* of the latter was directed to execute the deed for her and in her name.